**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**PAUL WHITE,**

                                          **Plaintiff,**

        **vs.**                                                    **1:21-cv-417**
                                                                   **(MAD/ML)**

**TEODOCIA SANTOS; ELLA ABNEY,**
**personally and as Executrix of the Estate**
**of Albert Abney; and PAT DOE (1-10),**

                                          **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**PAUL WHITE**
**15-R-0335**
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051
Petitioner _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

        In 2015, Plaintiff was convicted of seven counts of grand larceny and one count of fraud

at his jury trial in the New York State Supreme Court, Suffolk County.  _See White v. Abney_

_("White I")_, No. 17-cv-4286, 2020 WL 5848647, *1 (E.D.N.Y. Sept. 30, 2020) (citing _Spota v._

_White ("Spota II")_, 48 N.Y.S.3d 268, 2016 WL 6427362, *2 (N.Y. Sup. Ct. 2016)).  Plaintiff was

sentenced to twenty-one to sixty-three years in prison and ordered to pay $2,975,000.00 in

restitution.  _See White I_, 2020 WL 5848647, at *1.  Plaintiff's conviction arose out of a scheme to

defraud investors in a real-estate development, wherein Plaintiff presented himself as a financial

advisor and solicited clients – including Defendants Teodocia Santos and Ella Abney, as well as

Albert Abney (now deceased) – to invest by falsely presenting "that he was going to invest their money in an income producing, low-risk investment." *Id.* Plaintiff used the money from the investors to purchase a 400-acre parcel in North Carolina, also known as the "John Cline Reservoir," (hereinafter referred to as the "Property") and, through a limited liability company, paid the real estate "brokerage commissions" to entities that Plaintiff controlled. *Id.* Once Plaintiff refused a client's demand to return said client's investment, the investors pursued criminal charges against Plaintiff, and the Suffolk County District Attorney's Office investigated and prosecuted Plaintiff. *See id.* (citing *Spota v. White ("Spota I")*, 997 N.Y.S.2d 101, 2014 WL 2931068, *2 (N.Y. Sup. Ct. 2014); *People v. White*, Case No. I-2710-2012); *see also White v. Schmidt ("Schmidt")*, No. 1:21-cv-854, 2022 WL 1222805, *1 (N.D.N.Y Apr. 26, 2022). Following Plaintiff's conviction, the investors were awarded restitution according to the amount of their original investment in the Property. *See, e.g.*, *White I*, 2020 WL 5848647, at *1; *Schmidt*, 2022 WL 1222805, at *1. Defendant Santos was awarded restitution in the amount of $500,000.00, and the Abneys were awarded restitution in the amount of $500,000.00. *See* Dkt. No. 1-1 at 3-4. Both awards reflected the amount of Defendants' original investments. *See* Dkt. No. 1-1 at 6, 25, 33. It is unclear who Pat Doe (1-10) are and why Plaintiff has named them in this action, as Plaintiff makes no mention of them after listing them as parties to the action in the Complaint. *See* Dkt. No. 1 at 1.

    In 2016, the Suffolk County District Attorney, Thomas Spota, brought a civil forfeiture action against Plaintiff (and others) to recover a total of $2,400,000.00 in proceeds from the scheme. *See White I*, 2020 WL 5848647, at *2. In that action, Mr. Spota cited trial evidence that Plaintiff took approximately $2,975,000.00 from his victims and then proceeded to pay approximately $500,000.00 back to them as an "option" to repurchase their interests in the

Property. *See id.* Plaintiff opposed Mr. Spota's motion and challenged the trial court's $2,975,000.00 restitution order, on the ground that the trial court failed to consider the value of the benefits received by Plaintiff's victims and the payments that he made to them. *See id.* The court rejected Plaintiff's arguments as an improper collateral attack on his criminal conviction and held that the District Attorney had *prima facie* established entitlement to judgment in the amount of $2,400,000.00. *See id.*

On January 15, 2021, Plaintiff wrote letters to Defendants Santos and Abney, notifying them that the North Carolina Superior Court had validated their deeds to the Property and they, therefore, retained valid ownership in the Property. *See* Dkt. No. 1-1 at 78, 80. Plaintiff requested that Defendants sign and file their respective Satisfactions of Judgment with the Clerk of the Court in Suffolk County, and if they did not sign and file the Satisfaction of Judgment, he would commence an action in Federal Court. *See* Dkt. No. 1-1 at 78, 80. Defendants refused. Plaintiff pursued a similar request against Sandra Schmidt, which led to the *Schmidt* case that was before this Court and in which a decision was rendered on April 26, 2022. *See Schmidt*, 2022 WL 1222805, at *1. Plaintiff's request to Schmidt was also noted in *White I*, wherein it was also noted that Plaintiff had contended that he was "actually innocent" because the deeds were valid. *See White I*, 2020 WL 5848647, at *2.

On July 19, 2017, Plaintiff commenced *White I* in the Eastern District of New York against Schmidt, Defendants, and others who assisted the District Attorney's Office in the criminal investigation and/or testified before the grand jury, trial court, and civil forfeiture hearings. *See id.* Schmidt moved to dismiss, and on September 30, 2020, the court granted the motion to dismiss, specifically finding as follows: (1) Schmidt's statements to the District Attorney's Office in the course of its investigation and her testimony in the criminal and civil

proceedings were protected by absolute immunity; (2) in the alternative, Plaintiff failed to allege facts plausibly suggesting a claim for fraud or fraudulent inducement because Plaintiff fialed to allege that Schmidt made statements to him or that he reasonably relied on those statements to his detriment; (3) in the alternative, Plaintiff failed to allege facts plausibly suggesting a claim for tortious interference with business relations and contracts because Plaintiff failed to allege that Defendants committed any act with the required intent; and (4) in the alternative, Plaintiff's unjust enrichment claim was "fundamentally a challenge to the restitution award entered, and the civil forfeiture authorized by the state courts in connection with his criminal conviction" which are arguments that "Plaintiff may pursue ... direct[ly on] appeal of his criminal conviction in state court." *Id.* at *7.

On October 25, 2019, Plaintiff commenced an action in the Eastern District of New York, against District Attorney Spota personally and as claiming authority.  *White v. Spota ("White II")*, No. 1:19-cv-6082 (E.D.N.Y. 2020).  On May 5, 2020, the court *sua sponte* dismissed Plaintiff's amended complaint, specifically holding that (1) pursuant to the *Rooker-Feldman* doctrine, the court lacked jurisdiction to review the state judgments decided against Plaintiff, (2) even if the *Rooker-Feldman* doctrine did not bar Plaintiff's challenge to the criminal restitution order – which is part of Plaintiff's criminal sentence – Plaintiff's claim for money damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (3) in the alternative, District Attorney Spota is immune from suit based on the doctrine of prosecutorial immunity.  *See id.* at Dkt. No. 7.

On April 13, 2021, Plaintiff commenced this action against Defendants.  Liberally construed, the complaint alleges that, at some point in time, Defendants executed contracts to purchase the Property as tenants in common.  *See* Dkt. No. 1.  Plaintiff claims that on January 29, 2015, the Suffolk County Court entered two Judgments: one in favor of Defendant Santos and one

in favor of Defendant Abney, both against Plaintiff, each in the amount of $500,000.00 which represented the amount of funds Defendants had utilized to purchase the Property. *See id.* Plaintiff further alleges that the Judgment was based on Defendants allegedly not receiving valid ownership of the Property. *See id.* Plaintiff also claims that, after the Judgment was entered, he engaged a North Carolina real estate expert, Matthew Schweizer, Esq., who determined that Plaintiff's deed to the Property was valid. *See id.* Plaintiff claims that Attorney Schweizer obtained a decision in North Carolina Superior Court holding that Defendants received their bargained for benefit – the validly deeded ownership of the Property (the "Decision"). *See id.* Plaintiff alleges that, after the Judgment was entered but before the Decision was entered, he paid Defendants $31,000.00 each to be credited against the Judgments. *See id.*

Based on these facts, Plaintiff seeks a declaration that the Judgments against him in Defendants' favor were satisfied by the Decision and an award of $62,000.00 ($31,000.00 for each Defendant) based on Defendants' unjust enrichment. *See id.*

In an Order and Report-Recommendation, Magistrate Judge Lovric granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and performed an initial review of the complaint. *See* Dkt. No. 15. In his initial review, Magistrate Judge Lovric found that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine because Plaintiff is asking this Court to reject and review the various state-court and federal-court judgments against him. *See id.* at 10-11. Plaintiff has objected to the Order and Report-Recommendation. *See* Dkt. No. 16.

## II. DISCUSSION

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) ... the court shall dismiss the case at any time if the court determines that-- ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "[I]n a

*pro se* case, the court must view the submissions by a more lenient standard than that accorded to

'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y.

2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that

the court is obligated to "make reasonable allowances to protect *pro se* litigants" from

inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting

*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the

district court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However,

when a party declines to file objections or files "[g]eneral or conclusory objections, or objections

which merely recite the same arguments presented to the magistrate judge," the court reviews

those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846,

*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*,

517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1).

In the present matter, on *de novo* review, the Court finds that Magistrate Judge Lovric

correctly determined that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine.  Under

the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that, in

substance, challenge state court judgments.  *See Sung Cho v. City of New York*, 910 F.3d 639, 644

(2d Cir. 2018).  "[I]n order for a court to be deprived of jurisdiction under the *Rooker-Feldman*

doctrine, four requirements must be met: (1) the federal-court plaintiff must have lost in state

court; (2) the plaintiff must complain of injuries caused by state-court judgment; and (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645; *see also Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (citation omitted).

Here, contrary to the allegations in Plaintiff's lengthy objections, (which are, in sum and substance, the same objections that Plaintiff presented in *Schmidt*) Magistrate Judge Lovric correctly determined that the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction. In his complaint, Plaintiff alleges that the Judgments are satisfied because Defendants received their "bargained-for-benefit" in ownership of the Property. In *Spota II*, however, he presented the same argument to the New York State Supreme Court when he argued that "in calculating the amount of restitution, the court in the criminal case considered only the amount taken by him and failed to consider the value of the benefits received by his victims and his payments to them." *Spota II*, 2016 WL 6427362, at *4. The state court rejected this argument, holding that Plaintiff was not able to collaterally attack his criminal conviction and that conviction conclusively established the facts surrounding the Judgment issued against him. Additionally, the courts in *White I* and *White II* already rejected Plaintiff's unjust enrichment claim, finding that Plaintiff was challenging the state court's restitution award and the civil forfeiture authorization in Plaintiff's criminal case, and instructing Plaintiff that the proper avenue to address the issue was on direct appeal. *See White I*, 2020 WL 5848647, at *7; *White II*, No. 1:19-cv-6082, Dkt. No. 7 (E.D.N.Y.).

Moreover, the Court notes that Plaintiff raised these same exact claims in *Schmidt*, which

were rejected.  As this Court held in *Schmidt*, to the extent that *Rooker-Feldman* does not apply, they are barred by collateral estoppel/res judicata.  *See Schmidt*, 2022 WL 1222805, at *3 (citing *White I*, 2020 WL 5848647, at *7).

Accordingly, Plaintiff's complaint is dismissed without an opportunity to amend.

### III. CONCLUSION

After carefully reviewing the Order and Report-Recommendation, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 15) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 1, 2022
        Albany, New York

Mae A. D'Agostino
U.S. District Judge