**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**PAUL WHITE,**

                                        **Plaintiff,**

        **vs.**                                                    **1:21-CV-417**
                                                                   **(MAD/ML)**

**TEODOCIA SANTOS,**

                                        **Defendant.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**PAUL WHITE**
15-R-0335
Greene Correctional Facility
Post Office Box 975
Coxsackie, New York 12051
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

        In 2015, *pro se* Plaintiff Paul White was convicted in New York state court for grand

larceny and fraud in connection with a scheme to defraud investors in a North Carolina real estate

venture.  *See White v. Schmidt*, No. 22-1267, 2024 WL 1266245, *1 (2d Cir. Mar. 26, 2024).

Plaintiff's sentence included several criminal restitution judgment orders totaling $2.975 million,

including an order to pay Defendant Teodocia Santos $500,000.  *See id.*; *See also* Dkt. No. 1 at 2-

3.  In 2014, a separate civil forfeiture action resulted in a $2.4 million judgment against Plaintiff.

*See White*, 2024 WL 1266245, at *1.  Plaintiff subsequently filed two actions in the United States

District Court for the Eastern District of New York in 2017 and 2019 related to his state criminal

conviction and the civil forfeiture action.  *See* Dkt. No. 15 at 3-4 (explaining the substance of

those cases).  Then, in his complaint filed in this Court on April 13, 2021, Plaintiff alleged that

Defendant received her "bargained for benefit" and has, therefore, been unjustly enriched by an

overpayment of $31,000 that he paid to her to satisfy the criminal restitution judgment order.

Dkt. No. 1 at 2.  Plaintiff asserted it was an overpayment because Defendant obtained a judgment

validating the property deed which was a part of the real estate scheme.  *See id.* at 1-5.  Plaintiff

also filed a motion to proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 2.

     Magistrate Judge Miroslav Lovric granted the IFP application on October 18, 2021.  *See*

Dkt. No. 15 at 7.  He also recommended dismissal of Plaintiff's complaint pursuant to the *Rooker-*

*Feldman* doctrine.  *See id.* at 11-12.  The recommendation was adopted by this Court, which also

held that even if the *Rooker-Feldman* doctrine did not apply, Plaintiff's claims were barred by

either collateral estoppel or res judicata.  *See* Dkt No. 24 at 6, 8.  The Court dismissed Plaintiff's

complaint and closed the case.  *See* Dkt. No. 25.

     Plaintiff appealed the dismissal to the United States Court of Appeals for the Second

Circuit.  *See* Dkt. No. 26.  The Second Circuit held that the *Rooker-Feldman* doctrine did not

apply "because the criminal restitution judgment was not final at the time the federal lawsuit

commenced."  *White*, 2024 WL 1266245, at *3.  The Second Circuit also concluded that

Plaintiff's claims against Defendant Santos were not barred by collateral estoppel.  *See id.* at *2.

The Second Circuit remanded the case back to this Court for further proceedings.  *See id.* at *3.

     On March 10, 2025, Magistrate Judge Lovric issued another Order and Report-

Recommendation, recommending Plaintiff's complaint be dismissed in its entirety, without leave

to amend.  *See* Dkt. No. 43.  On April 21, 2025, Plaintiff filed objections.  *See* Dkt. No. 48.

     When a party files specific objections to a magistrate judge's recommendations, the district

court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Objections that are "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," are reviewed for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846 *1 (N.D.N.Y. Mar. 16, 2011). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Likewise, the Second Circuit has advised that "extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## I. ANALYSIS

Having reviewed the March 10, 2025, Order and Report-Recommendation, Plaintiff's complaint and objections, and the applicable law, the Court does not discern any clear error in the Magistrate Judge Lovric's recommendation to dismiss Plaintiff's complaint without leave to replead. Additionally, those portions of the complaint that the Court reviews de novo warrant dismissal because Plaintiff has failed to state a claim for which relief could be granted.

First, Magistrate Judge Lovric determined that Plaintiff failed to establish this Court's subject matter jurisdiction. *See* Dkt. No. 43 at 8, 10. "Subject matter jurisdiction requires either

diversity jurisdiction or federal question jurisdiction." *Smulley v. Safeco Ins. Co.*, No. 21-2124-CV, 2022 WL 16753118, *1 (2d Cir. 2022). "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction . . ." and if "[a]t any point in the litigation, where the district court determines that jurisdiction is lacking, the court must dismiss the complaint without regard to its merits." *Manway Constr. Co. v. Housing Authority of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also Gould v. Marconi Dev. Grp., LLC.*, No. 1:19-CV-1454, 2020 WL 2042332, *6 (N.D.N.Y 2020). "[T]he plaintiff bears the burden of establishing subject matter jurisdiction." *Hariprasad v. Master Holdings Inc.*, 788 Fed. Appx. 783, 786 (2d Cir. 2019).

Plaintiff's complaint raises a state law claim of unjust enrichment. *See* Dkt. No. 1. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). On its face Plaintiff's complaint does not raise a federal question as it seeks to recover $31,000 paid to the Defendant because of a state criminal restitution judgment. *See Whitehurst v. 1199SEIU United Healthcare Workers East*, 928 F.3d 201, 206 (2d. Cir 2019) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Therefore, it was proper for Magistrate Judge Lovric to hold that there was no federal question raised in Plaintiff's complaint. *See* Dkt. No. 43 at 8. In his objections, Plaintiff concedes that there is no federal question jurisdiction. *See* Dkt. No. 48 at 19.

Second, Magistrate Judge Lovric concluded that Plaintiff failed to establish subject matter jurisdiction based on diversity of citizenship. *See* Dkt. No. 43 at 8-10. Under 28 U.S.C. §

1332(a), federal district courts have original jurisdiction over all civil actions where there is

diversity of citizenship between the parties and "the matter in controversy exceeds the sum or

value of $75,000." 28 U.S.C. § 1332(a). "Under the standard diversity jurisdiction statute, 28

U.S.C. § 1332(a), there must be 'complete' diversity among the parties, meaning that each

defendant must be a citizen of a different state from each plaintiff." *U.S. Bank Tr., N.A. v. Dupre*,

No. 15-CV-558, 2016 WL 5107123, *2 (N.D.N.Y. Sept. 20, 2016) (citing *Caterpillar Inc. v.

Lewis*, 519 U.S. 61, 67-68, (1996)). "'It is well-settled that the party asserting federal jurisdiction

bears the burden of establishing jurisdiction,' and it must prove jurisdiction by a 'preponderance of

evidence.'" *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals Inc.*, 943 F.3d 613,

617 (2d Cir. 2019) (internal citations omitted).

Magistrate Judge Lovric correctly explained that Plaintiff's amended complaint states that

Plaintiff is a resident of New York and Defendant Santos is a resident of South Carolina. *See*

Dkt. No. 43 at 8. Magistrate Judge Lovric held that these assertions, absent any other

corroborating evidence, failed to establish that Defendant is a resident of South Carolina. *See id.*

at 8-9. Magistrate Judge Lovric noted that "[o]ther exhibits included with the Complaint

demonstrate named Defendant Santos' long-standing presence in New York." *Id.* at 9. As

Magistrate Judge Lovric explained, a mere allegation of residency is generally insufficient to

establish citizenship for diversity purposes. *See Cannedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100,

103 (2d Cir. 1997); *see also* Dkt. No. 43 at 9; *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54

(2d Cir. 2019).

Plaintiff objects, arguing that Defendant Santos is presently a resident of New Jersey and

was, at the time he filed his complaint, a resident of South Carolina. *See* Dkt. No. 48 at 13.

Plaintiff contends that "[u]pon information and belief, this Court's clerk mailed a copy of all

papers emanating from the Court to" Defendant's South Carolina address "without the mail being returned to the Court as 'undeliverable,' thereby at least establishing Santos[] has a residence in South Carolina." *Id.* at 11 (emphasis omitted). Plaintiff is incorrect. There is nothing on the docket indicating that Defendant Santos has ever been served with anything from this Court. Defendant has not been served with the complaint in this case and, therefore, has not appeared in this action because Plaintiff's complaint has not yet proceeded beyond initial review.

Plaintiff states that at some point he attempted to serve a document on Defendant at her South Carolina residence, but it was returned as undeliverable. *See id.* Plaintiff then "engaged the services of an investigator, who provided" Plaintiff with a New Jersey address for Defendant. *Id.* at 12. Based on the Court's review of the docket, it appears that since at least July 2022, Plaintiff has sent copies of the documents he has filed to Defendant Santos at a New Jersey address. *See* Dkt. No. 23 at 3; Dkt. No. 30 at 24. Plaintiff also submitted a signed affirmation from Preston Treiber who attests that he has known Defendant Santos since 2008 when they became co-owners of certain real estate. *See* Dkt. No. 48-1 at 11. Treiber states that Defendant lived in South Carolina beginning in 2020, until Defendant moved to New Jersey in 2023. *See id.*

Plaintiff is correct to the extent he states in his objections that citizenship at the time of the filing of the complaint is controlling. *See* Dkt. No. 48 at 13; *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001). The Court also agrees with Plaintiff that Magistrate Judge Lovric's discussion of Defendant Santos' addresses in 2008 and 2017 does not conclusively establish where Defendant resided when Plaintiff filed the complaint in 2021. *See* Dkt. No. 48 at 12.

Because Plaintiff is *pro se*, the Court could justify disagreeing with Magistrate Judge Lovric's conclusion about diversity of citizenship. Plaintiff alleged in his complaint that Defendant resided in a different state and provided an out-of-state mailing address. However,

Magistrate Judge Lovric is entirely correct that "[a] party invoking diversity jurisdiction must allege in [its] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof." *Bailon v. Pollen Presents*, No. 22-CV-6054, 2023 WL 5956141, *11 (S.D.N.Y. Sept. 13, 2023) (quotations and quotation marks omitted) (alterations in original). The documents Plaintiff submitted with his complaint indicate that Defendant Santos was doing business in New York and Plaintiff provided no support with his complaint to show that Defendant lived in South Carolina or New Jersey. *See* Dkt. No. 1. As such, Magistrate Judge Lovric did not err in concluding that Plaintiff failed to sufficiently establish diversity jurisdiction. However, regardless, Plaintiff's complaint requires dismissal for failure to state claim.

Magistrate Judge Lovric discussed whether Plaintiff sufficiently alleged a New York State Law claim, assuming *arguendo*, that subject matter jurisdiction exists. *See* Dkt. No. 43 at 11. New York's criminal restitution and reparation statute allows "the court . . . [to] require restitution or reparation as part of the sentence imposed upon a person convicted of an offense, and. . . require the defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused . . . ." N.Y. Penal Law § 60.27(1). "New York [has a] long-standing policy of promoting, encouraging and facilitating the use of restitution to reimburse victims for monetary and other losses caused by criminal conduct . . . ." *People v. Horne*, 97 N.Y.2d 404, 412 (2002). The two "goals [of § 60.27] are to insure, to the maximum extent possible, that victims will be made whole and offenders will be rehabilitated and deterred, by requiring all defendants to confront concretely, and take responsibility for, the *entire* harm resulting from their acts." *People v. Kim*, 91 N.Y.2d 407, 412 (1998).

Magistrate Judge Lovric was correct in explaining that under New York state law, the mere fact that the victims were compensated for their loss did not abrogate the other valid purpose

of imposing criminal restitution. *See Horne*, 97 N.Y.2d. at 412; *see also* Dkt. No. 43 at 11-12.

Magistrate Judge Lovric noted that Plaintiff is challenging the enforcement of the criminal

restitution judgment which Plaintiff contends was satisfied by the civil forfeiture judgment. *See*

Dkt. No. 43 at 3.  However, New York's Penal Law § 60.27 has the dual function "of easing the

victim's financial burden while reinforcing the offender's sense of responsibility for the offense

and providing a constructive opportunity for the offender to pay his or her debt to society."

*Horne*, 97 N.Y.2d. at 411.  Thus, it was proper for Magistrate Judge Lovric to conclude that

Plaintiff's request for declaratory and monetary relief lacks a cognizable legal basis in New York

law. *See* Dkt. No. 43 at 13.

In his objections, Plaintiff states that Magistrate Judge Lovric "overlooked and/or

misapprehended facts and/or law, opining that the Defendant's restitution . . . was anything other

than 'a finding as to the dollar amount of the fruits of the offense and the actual out-of-pocket lost

[if any] to the victim caused by the offense' . . . ." Dkt. No. 48 at 16 (quotation omitted).  Plaintiff

asserts that Magistrate Judge Lovric "erred by assuming the State of New York has an 'interest' in

restitution" and by "assuming 'criminal restitution judgment was entered pursuant to N.Y. CPL §

420.10'" because Plaintiff has "legal standing and personal jurisdiction" under different New York

statutes. *Id.*  Plaintiff does not cite any legal authority to support his contentions.

Magistrate Judge Lovric did not "assume" anything about the criminal restitution

judgment against Plaintiff. *Id.*  Rather, in looking at the "Restitution Judgment Order" that

Plaintiff attached to his complaint, it is clear that the restitution was ordered against Plaintiff after

"having been directed by the court in accordance with CPL § 420.10 to pay" $500,000.  Dkt. No.

1-1 at 3.  Additionally, the Second Circuit explicitly notes that "[f]orfeiture and restitution are

separate remedies with different purposes." *United States v. Pescatore*, 637 F.3d 128, 138 (2d

Cir. 2011); *see also United States v. Torres*, 703 F.3d 194, 203 (2d Cir. 2012) ("Case law and

commentary establish that the forfeiture and restitution statutes serve different purposes").  The

Second Circuit has acknowledged that from a payor's "perspective, an order of forfeiture may not

feel much different from an order of restitution, because both orders contemplate cash payments

in similar amounts.  But . . . '[r]estitution is loss based, while forfeiture is gain based.' . . .  The

measures are different, and the purposes distinct."  *Torres*, 703 F.3d at 203 (quotation omitted).

Likewise, "[i]n New York, the purpose of imposing restitution in criminal cases is broader than

compensating the victim for a loss; it serves the dual 'purposes of easing the victim's financial

burden while reinforcing the offender's sense of responsibility for the offense and providing a

constructive opportunity for the offender to pay his or her debt to society.'" *People v. Marone*, 68

A.D.3d 1443, 1445 (3d Dept. 2009) (quoting *People v. Horne*, 97 N.Y.2d 404, 411 (2002)).

 Magistrate Judge Lovric did not invent any of these legal principles out of thin air.  He

accurately recited the law on the issues presented by Plaintiff's complaint and Plaintiff has not

provided contrary case law or any facts that Magistrate Judge Lovric failed to consider.

 Plaintiff also objects to Magistrate Judge Lovric's discussion of available state court

remedies.  *See* Dkt. No. 48 at 17-20.  Specifically, Plaintiff argues that if he sought the relief

requested in this case, in state court, the state court would dismiss his claims for lack of personal

jurisdiction because Defendant Santos does not live in New York.  *Id.* at 17.  Plaintiff accurately

recites New York's personal jurisdiction statute, CPLR § 302, which states as follows:

> [A] court may exercise personal jurisdiction over any non-
> domiciliary, or his executor or administrator, who in person or
> through an agent:
>
> > 1. transacts any business within the state or contracts
> > anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

N.Y. C.P.L.R. § 302(a); *see also* Dkt. No. 48 at 18.

As Magistrate Judge Lovric explained in the Report-Recommendation and Order, Plaintiff attached documents to his complaint which demonstrate that Defendant Santos transacted business in New York related to the real estate investment that underlies Plaintiff's state court conviction and judgments. *See* Dkt. No. 43 at 9-10. Specifically, Plaintiff provided documents which include Defendant Santos' signature indicating that Santos closed on a transaction with Plaintiff in Hauppauge, New York, and Santos "resid[ed] at/[did] business" in Bellport, New York. Dkt. No. 1-1 at 30, 51. In his arguments regarding personal jurisdiction, Plaintiff ignores that section of N.Y. CPLR § 302 concerning transacting of business within the state.

Plaintiff also admits that Defendant Santos was a resident of New York before 2019. *See* Dkt. No. 48 at 19. Plaintiff alleges that the restitution order was entered in 2015. *See* Dkt. No. 1 at 2. Based on the information Plaintiff provided in his complaint, it is likely that the state court would have jurisdiction to hear Plaintiff's claims. *See* S*ole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) ("To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity"). Therefore, the Court rejects this aspect of Plaintiff's objections.

Plaintiff contends that Magistrate Judge Lovric's discussion of the available state remedies "overlooks and/or misapprehends fact and/or New York Statutory Laws, CPLR § 5020, § 5021, §

5015, which clearly provide a means for a debtor, such as Plaintiff, to obtain a satisfaction of a restitution judgment if the creditor, such as Santos[,] fails to execute and file a satisfaction piece . . . as requested by Plaintiff." Dkt. No. 48 at 20. In the Report-Recommendation and Order, Magistrate Judge Lovric concluded that New York's statutory scheme applicable to restitution does not contemplate the relief Plaintiff seeks. *See* Dkt. No. 43 at 13.

In his complaint, Plaintiff's requested relief is for a declaration judgment ordering that his restitution to Defendant has been satisfied and awarding Plaintiff the alleged $31,000 "overpayment." Dkt. No. 1. at 5. Plaintiff did not cite any case law or statutory authority in his complaint to support his requested relief. *See id.* at 1-5. As Magistrate Judge Lovric explained, New York Criminal Procedure Law provides a procedure for a criminal defendant to challenge a restitution judgment. *See* Dkt. No. 43 at 12-13 (citing N.Y. CPL § 420.10). Plaintiff does not dispute that statutory scheme in his objections. Rather, Plaintiff states that in his "appeal of his criminal conviction, he only chal[l]enges his unjust conviction, not restitution emanating therefrom . . . ." Dkt. No. 48 at 20. After Magistrate Judge Lovric's Report-Recommendation and Order was published, the Appellate Division of the Second Department issued a decision affirming the criminal restitution judgment against Plaintiff. *See People v. White*, __ N.Y.S. 3d__, 2025 WL 1062499, *1. In rejecting Plaintiff's appeal about "the propriety of the restitution order," the Appellate Division held that the claim was "unpreserved for appellate review, since the defendant failed to object to the payment of restitution, failed to object to the amount of restitution, and failed to request a restitution hearing." *Id.* at *2. Plaintiff's contention that he did not appeal the restitution order is conclusory, unsupported, and inaccurate.

As to the statutory provisions Plaintiff cites in his objections, New York CPLR § 5020 discusses the substantive requirements for filing a satisfaction of judgment and section 5021

explains the procedural requirements, including that any entry of satisfaction of judgment must be filed with "[t]he clerk of the court in which the judgment was entered . . . ." N.Y. C.P.L.R. § 5021(a). Plaintiff does not explain how the relief he seeks from this Court is cognizable where the statutory provisions he relies on in his objections explicitly require filing in the court where judgment was entered, which, in this case, is the Suffolk County Supreme Court. *See* Dkt. No. 1-1 at 4. Likewise, N.Y. CPLR § 5015 discusses relief from a judgment or order from "[t]he court which rendered a judgment or order . . . ." N.Y. C.P.L.R. § 5015(a). This Court did not render the judgment or order that Plaintiff now seeks to alter. Therefore, as Magistrate Judge Lovric explained, the relief Plaintiff seeks in his complaint is not available in this Court. Based on the foregoing, the Court agrees with Magistrate Judge Lovric that Plaintiff's complaint must be dismissed for failure to state a claim.

Finally, Magistrate Judge Lovric did not err in recommending that Plaintiff's complaint be dismissed without leave to amend. *See* Dkt No. 43 at 14. "Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action." *Planck v. Schenectady County*, No. 1:12-CV-0336, 2012 WL 1977972, *6 (N.D.N.Y. 2012). However, "an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile." *Baptiste v. Doe*, 680 F. Supp. 3d 186, 192 (N.D.N.Y. 2023). Here, amendment would be futile because, regardless of the issue concerning diversity jurisdiction, Plaintiff cannot overcome the substantive defect central to his complaint: the requested relief is not available in this Court and he has, therefore, failed to state a claim. *See* Dkt. No. 43 at 13.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation and Order (Dkt. No. 43) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction and **without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant Santos' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 2, 2025
       Albany, New York

Mae A. D'Agostino
U.S. District Judge